# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2610

_____

United States of America

*Plaintiff - Appellee*

v.

Emmanuel William Nyuon

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: December 2, 2014
Filed: December 15, 2014
[Unpublished]

_____

Before WOLLMAN, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Emmanuel Nyuon challenges the district court's[1] judgment, entered after a jury found him guilty of sex trafficking of a child, and

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

conspiring to engage in sex trafficking of a child, in violation of 18 U.S.C. §§ 2, 1591(a)-(c), and 1594(c). For the reasons that follow, we affirm.

We first conclude that the district court did not abuse its discretion in allowing the victim to testify about her family circumstances and history of abuse, because such evidence was relevant to her decision to remain with Nyuon, and to whether she was coerced. See United States v. Campbell, 764 F.3d 880, 887, 892 (8th Cir. 2014); United States v. Bell, 761 F.3d 900, 913-14 (8th Cir.), cert. denied, 2014 WL 5149070 (U.S. Nov. 10, 2014) (No. 14-6682). We further find that there is no merit to Nyuon's challenge to the jury selection process, see United States v. Jones, 687 F.2d 1265, 1269 (8th Cir. 1982); that he identified no improper comments by the prosecutor, much less remarks giving rise to plain error, see United States v. New, 491 F.3d 369, 378 (8th Cir. 2007); and that his speedy-trial rights were not violated, see 18 U.S.C. § 3161(h) (excludable delay). In addition, the denial of Nyuon's motion to suppress his custodial statements, made after he was advised of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), was proper; and the denial of his motion to suppress his cell phone information, which was similar to the victim's cell-phone information, constituted at most harmless error, see United States v. Martinez, 462 F.3d 903, 910 (8th Cir. 2006) (error is harmless if it does not affect substantial rights of defendant, and did not influence or had only slight influence on verdict); cf. Riley v. California, 134 S. Ct. 2473, 2485 (2014) (officers must generally secure warrant before conducting search of cell phone data).

Regarding Nyuon's 360-month sentence, which was at the low end of the properly calculated Guidelines range, we find no indication in the record that the sentence is substantively unreasonable, see United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc), and no indication that the district court abused its discretion in denying Nyuon's request for a variance, see United States v. Acosta, 619 F.3d 956, 962-63 (8th Cir. 2010). Accordingly, we affirm the judgment of the district court, and deny as moot Nyuon's pending motion.

_____